EEOC Form 161-A (11/2020)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

| To: | Bryant D. Smith<br>77 Chaddwyck Boulevard<br>New Castle, DE 19720 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1000<br>Philadelphia, PA 19107 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17C-2019-00372 | Damon A. Johnson,<br>State, Local & Tribal Program Manager | (267) 589-9722 |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Dana R. Hutter* (signature)

**Dana R. Hutter,**
**Deputy Director**

April 27, 2021
*(Date Issued)*

Enclosures(s)

cc:
| For Respondent: | For Charging Party: |
|---|---|
| James H. McMackin III, Esq.<br>Morris James LLP<br>Via email only: jmcmackin@morrisjames.com | Ronald G. Poliquin, Esq.<br>The Poliquin Firm LLC<br>Via email only: ron@poliquinfirm.com |

Enclosure with EEOC
Form 161-A (11/2020)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS**  --  **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS**  --  **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION**  --  **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do *not* relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE**  --  **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request *within 6 months* of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Enclosure with EEOC
Form 161-A (11/2020)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EEOC Form 161-A (11/2020)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

To: Bryant D. Smith  
77 Chaddwyck Blvd.  
New Castle, DE 19720

From: Philadelphia District Office  
801 Market Street  
Suite 1000  
Philadelphia, PA 19107

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17C-2018-00739 | Damon A. Johnson, State, Local & Tribal Program Manager | (267) 589-9722 |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Dana R. Hutter*         April 27, 2021

Enclosures(s)     Dana R. Hutter, Deputy Director     *(Date Issued)*

cc:  
**For Respondent:**  
James H. McMackin III, Esq.  
Morris James LLP  
Via email only: jmcmackin@morrisjames.com

**For Charging Party:**  
Ronald G. Poliquin, Esq.  
The Poliquin Firm LLC  
Via email only: ron@poliquinfirm.com

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>[X] FEPA<br>[X] EEOC | Agency(ies) Charge No(s):<br>SMI040819<br>17C-2019-00372 |
|---|---|---|

**Delaware Department of Labor** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>Mr. Bryant D. Smith | Home Phone (Incl. Area Code)<br>(302) 562-4941 | Date of Birth<br>1960 |
|---|---|---|

Street Address: 77 Chaddwyck Boulevard, New Castle, DE 19720

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>WASTE MASTERS SOLUTIONS | No. Employees, Members<br>15 - 100 | Phone No. (Include Area Code)<br>(302) 516-2490 |
|---|---|---|

Street Address: 19 Davidson Lane, New Castle, DE 19720

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 04-04-2019   Latest: 04-04-2019
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**Jurisdiction:** Charging Party worked for Respondent (DE employer 15-100 employees) as a Driver from 12/12/2016 until his discharge on 09/10/2018. Charging Party presented this discrimination complaint to DDOL on 04/08/2019.
**Charging Party's protected class:** Retaliation
**Adverse employment action:** Harassment
**Brief statement of allegations:** Charging Party (CP) asserts that he is being discriminated against by his former employee in the form of Retaliation. CP filed a Charge of Discrimination (Case No. SMI091418) in our office on 01/14/19 based on Race (Black), in the form of Harassment and Discharge. CP asserts that he works for another company, and has been going to DRPI Landfill as a part of his work duties since he was discharged from Waste Masters Solutions (Respondent). CP asserts that he is being harassed by former co-worker Michael Patchett. Mr. Patchett is named as CP's harasser in previous charge. CP asserts that Mr. Patchett went into DRPI's management office and told them that CP was banned from the landfill because he filed a discrimination charge against Respondent. CP further asserts that Mr. Patchett told DRPI to stick with the band against CP. CP insist that Respondent is trying to interfere with his ability to make money, and continues to harass him, even though he was discharged by the Respondent. CP asserts that Mr. Patchett is trying to get him banned from all local landfills.
**Respondent's explanation:** N/A
**Applicable law(s):** Title VII of the Civil Rights Act, as amended; Delaware Discrimination in Employment Act, as amended
**Comparator(s) or other specific reason(s) for alleging discrimination:** N/A

Nothing further follows. ✓ BS

FAWN WALKER
NOTARY PUBLIC, STATE OF DELAWARE
MY COMMISSION EXPIRES TERM OF EMPLOYMENT

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br>x Bryant D. S. |
| May 02, 2019<br>Date    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)<br>May 2, 2019 |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>[X] FEPA<br>[X] EEOC | Agency(ies) Charge No(s):<br>SMI091418<br>17C-2018-00739 |
|---|---|---|

**Delaware Department of Labor** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>Mr. Bryant D. Smith | Home Phone (Incl. Area Code)<br>302-562-4941 | Date of Birth<br>1960 |
|---|---|---|

Street Address: 77 Chaddwyck Blvd., New Castle, DE 19720

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name<br>WASTE MASTERS SOLUTIONS | No. Employees, Members<br>15 - 100 | Phone No. (Include Area Code)<br>(302) 516-2490 |
|---|---|---|

Street Address: 19 Davdison Lane, New Castle, DE 19720

DISCRIMINATION BASED ON (Check appropriate box(es).)

[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 08-01-2018   Latest: 12-13-2018
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**Jurisdiction:** Charging Party (CP) worked for Respondent (DE employer; #15-100 employees) as a Driver from December 12, 2016 until his discharge on December 13, 2018. Charging Party presented this discrimination complaint to DDOL on September 14, 2018.

**Charging Party's protected class:** Retaliation; N/A

**Adverse employment action:** Discharge

**Brief statement of allegations:** Charging Party (CP) asserts that he complained to Respondent that a coworker (Michael Patchett) called him a "proud nigger," to the head of Operations (Ron Tuder) in August 2018. CP avers that Respondent (Tuder) did not address the issue and told CP, "Don't worry about it, you're making money." CP avers he was initially making an hourly rate, and then Respondent changed the pay to incentive base. CP had complained about this practice in general. CP avers that his coworker (Patchett) did not stop calling him a "proud nigger." CP avers that two months later he complained of this incident to another supervisor (Jim McGrody) to address the issue. CP avers that Respondent (McGrody) had both CP and his coworker in the office and his coworker apologized. A month later, CP was involved in a disagreement at the work site and discharged. CP avers that another employee (Wilkie Employee), who works on the site, opened his truck door, CP

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.<br>I declare under penalty of perjury that the above is true and correct. | NOTARY – When necessary for State and Local Agency Requirements<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
|---|---|
| Jan 14, 2019<br>Date       Charging Party Signature | |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>[X] FEPA<br>[X] EEOC | Agency(ies) Charge No(s):<br>SMI091418<br>17C-2018-00739 |
|---|---|---|
| Delaware Department of Labor | | and EEOC |
| *State or local Agency, if any* | | |

then closed the truck door and asked this employee to stop. CP avers that this employee told a manager at Waste Management, who reported the incident to Respondent (Tuder), that he (CP) had chased him around the yard. CP avers that cameras are on the trucks. CP avers that he was told by Respondent that they did not see this on the camera. CP avers that that allegation was false and based on his previous complaint and reporting of being called a "proud nigger."

**Respondent's explanation:** Unknown
**Applicable law(s):** Delaware Discrimination in Employment Act, as amended
**Comparator(s) or other specific reason(s) for alleging discrimination:** N/A
Nothing further follows.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Jan 14, 2019** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |
| Date           Charging Party Signature | |

STATE OF DELAWARE
DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS – OFFICE OF ANTI-DISCRIMINATION

Bryant D. Smith
77 Chaddwyck Boulevard
New Castle, DE 19720

DDOL No.: SMI040819
EEOC No.: 17C-2019-00372

vs.

WASTE MASTERS SOLUTIONS
19 Davdison Lane,
New Castle, DE 19720

## FINAL DETERMINATION AND RIGHT TO SUE NOTICE

Pursuant to 19 Del. C. § 710, et seq., the parties in the above-captioned matter are hereby Noticed of the Department's Final Determination and Right to Sue Notice, as follows:

*Reasonable Cause Determination and Notice of Mandatory Conciliation.*

In this case, the Department has completed its investigation and found that there is reasonable cause to believe that an unlawful employment practice has occurred. Under the provisions of the law, the parties are now required to engage in mandatory conciliation. Report to the Office of Anti-Discrimination in Wilmington on the following date and time: On Tuesday, January 26, 2021, at 9:30 a.m. The Conciliation will be conducted by phone and the Mediator will contact each side via telephone.

Your cooperation and good faith effort is anticipated. Your corresponding Delaware Right to Sue Notice will be effective one day after your compliance with the conciliation effort.

The reasonable cause finding is based primarily on the following facts:

1. He belongs to the Protected class of Retaliation.

2. He experienced a material adverse employment action of Harassment.

3. The Respondent's actions demonstrated pretextual animus.

4. Charging Party has established the prima facie elements for his protected class.

5. Respondent provided an e-mail to the Office of Discrimination on January 9, 2021 stating that they would not submit a rebuttal.

This Final Determination is hereby issued on behalf of the Department of Labor, Division of Industrial Affairs, Office of Anti-Discrimination. See the attached Notice of Rights.

1/11/2021
Date issued

*James F. BS*
James F. Billups III, Administrator
Division of Industrial Affairs, Office of Anti-Discrimination

1/26/2021
Date conciliation completed

*James F. BS*
James F. Billups III, Administrator
Division of Industrial Affairs, Office of Anti-Discrimination

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*
17C_C-12-RC – Reas Cause Determ Rev. 10/2019



STATE OF DELAWARE DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS
OFFICE OF ANTI- DISCRIMINATION

4425 N. MARKET STREET
WILMINGTON, DELAWARE 19802
(302) 761-8200

Per 19 Del.C. § 712 (c) (3) this agency has issued a final determination of "reasonable cause" to believe that a violation has occurred or is occurring. All cases resulting in a "reasonable cause" determination will require the parties to appear for compulsory conciliation.

Be advised that the following are required for compulsory conciliations:

Participants required for the conciliation conference are the Charging Party and a representative with bargaining authority for Respondent. Any person appearing who is not a party in the complaint, a recognized advisor for a party in the complaint, or a representative of this agency will not be allowed to participate.

Any attorney retained for either party must submit a letter of representation to this agency and the other party 24 hours prior to the scheduled conciliation.

In rare instances when consideration for rescheduling is necessary due to an emergency or conflict, please notify the agency in writing by email or fax at least 48 hours in advance.

17C_C-12-RC – Reas Cause Determ Rev. 10/2019



STATE OF DELAWARE DEPARTMENT OF LABOR
## DIVISION OF INDUSTRIAL AFFAIRS
OFFICE OF ANTI-DISCRIMINATION

| | | |
|---|---|---|
| 4425 N. MARKET STREET, 3RD FLOOR<br>WILMINGTON, DE 19802<br>(302) 761-8200   FAX (302) 622-4105 | BLUE HEN CORPORATE CENTER<br>655 BAY ROAD, SUITE 2H<br>DOVER, DE 19901<br>(302) 422-1134 | 8 GEORGETOWN PLAZA, SUITE 2<br>GEORGETOWN, DE 19947<br>(302) 422-1134 |

**REPLY TO: Wilmington**

December 3, 2020

**VIA US MAIL/EMAIL**

Mr. James H. McMackin III, Esq. Attorney at Law
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899

RE:   Smith v. WASTE MASTERS SOLUTIONS
         Case No.: SMI091418 / 17C-2018-00739
         <u>Pre-Determination Letter; Right to Respond</u>

Dear Mr. Smith:

### PRELIMINARY DECISION OF INVESTIGATION

### I. <u>Background</u>

#### A. **Procedural**

DDOL Notified: September 14, 2018

Formalized Charge: January 14, 2019

Position Statement Received: April 8, 2019

Acceptable dates of Harm: From August 8, 2018 to December 31, 2018

#### B. **Accepted Claim**

Whether the Respondent(RS) took adverse action against the Charging Party(CP) on the basis of his Race (African American) and complaining about racial slurs being used in the work place(Retaliation); Violating his rights as protected by the Delaware Discrimination in Employment Act, as amended Title VII of the Civil Rights Act (ADAAA) 2008.

### II. <u>Summary of Evidence</u>

#### A. **Allegation**

Charging Party (African American) who was employed with the Respondent as a Driver from December 12, 2016 to his discharge on December 13, 2018. In August 2018, Charging Party

17C_I-PDI-CP-W_Doc

Mr. Bryant D. Smith
December 3, 2020
Page 2

(CP) asserts that he complained to the Head of Operations (Caucasian), that a coworker (Caucasian) called him a "Proud Nigger." CP avers that Respondent/Head of Operations (Caucasian) did not address the issue and told CP, "Don't worry about it, you're making money." Charging Party avers that he was initially making an hourly rate, and then Respondent changed the pay to incentive base. CP had complained about this practice in general. CP avers that this coworker (Caucasian) did not stop calling him a "Proud Nigger." CP asserts that two months later he complained of this incident to another Management official (Caucasian) to address the issue. CP avers that the Respondent had both CP and his coworker in the office and his coworker apologized. A month later, Charging Party was involved in a disagreement at the work site, then discharged. Charging Party further asserts that other employee were treated more favorably in similar situation, were not discharged rather coached or provided a lesser discipline. Allegedly, other employees outside of his protected class are being treated more favorably. CP avers that that based on his previous complaints/reporting of being called a "Proud Nigger," resulted in him being discharged and subjected to a hostile work environment.

B. **Management Response**

Respondent contends that as part of his essential duties as a roll off driver Charging Party must go to customer locations, then must drive the loaded dumpster to the Regional landfill for disposal. On September 10, 2018, the CP was involved in an altercation with a driver from another company. The Respondent made the decision that in the interim the CP would not be permitted to the landfill. According to the Respondents video footage was not available because the incident happened off cameras. Since, there is only one landfill in the region that accepts waste, and CP was prohibited from going to the site, Respondent state CP could no longer do his job.

Consequently, the Respondents terminated CP's employment on September 13, 2018. Respondents note that another employee (Caucasian) was also banned from the landfill on May 5, 2016 and was terminated like Charging Party.

### III. Legal Analysis

A. **Race (African American) Discharge** Charging Party has established:

    a. He belongs to the Protected class of Race (African American)

    b. He has experienced a material adverse employment action

    c. Employees outside of his protected class were treated more favorably.

B. **(Retaliation)** Charging Party has established:

    a. He complained about racial slurs used in the workplace by his Manager about the Charging Party. Additionally, Charging Party complained to other Senior Management officials about the racial slurs; thus, resulting in a hostile work environment and discharge

Mr. Bryant D. Smith
December 3, 2020
Page 3

      b. There was a causal connection "but for" reason for the adverse employment actions. From the time the Charging Party started to complain about the racial slurs, to the time he was discharged was approximately three months.

  **C. (Harassment)** Charging Party has established:

      1. The Charging Party experienced conduct was unwelcomed based on protected Race (African American). Specifically, he was called a "Proud Nigger."

      2. The conduct was so severe that a reasonable person would consider the work environment intimidating, hostile, or abusive.

      3. The harassment was by a Superior, therefore the Respondent is liable based on the adverse employment action of discharge.

      4. The Respondent did not reasonably try to prevent or promptly try to correct the harassing behavior. And the employee/Charging Party unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer (RS has not shown that they provided any preventative/corrective measures).

  **A. Respondent's Affirmative Defense**

      The Respondent states that the Charging Party could not complete the essential functions of his job, since the CP was not allowed onto the one (1) landfill in his Region. Therefore, according to the Respondent, the CP was terminated. The Landfills' Regional Director (Caucasian) made the decision not to allow CP onto the landfill.

**Conclusion**

The Respondents actions were pretextual. From the time the Charging Party started to experience unwelcomed racial slurs, to the time he was discharged was less than 90 days. In this case Respondent has not provided an adequate affirmative defense. Based on the above application and the entire record and the facts to the law, the DDOL is prepared to make a final determination of a "Reasonable Cause" finding does not mean the Department of Labor endorses the Respondent's actions; it is simply a finding that there is sufficient evidence to support a conclusion that illegal discrimination occurred.

If you have additional information or evidence that you wish the Department to consider before making a Final Decision, please submit it to me in writing to Quon.Garrett@delaware.gov no later than **December 18, 2020.** If we do not hear from you, a Final Decision will be issued based on the evidence currently in the record.

Sincerely,

Quon Garrett
Anti-Discrimination Officer

17C-I-PDI-R: Rev. 02/27/2019

Mr. Bryant D. Smith
December 3, 2020
Page 4


Office of Anti-Discrimination

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

17C-I-PDI-R: Rev. 02/27/2019